Mark A. **PHELPS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9602–CR–39.

Court of Appeals of Indiana.

Aug. 26, 1996.

Edward C. Hilgendorf, South Bend, for Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

STATON, Judge.

Mark A. Phelps ("Phelps") was found guilty following a bench trial of battery, a class C felony.[1] In his appeal, Phelps presents one issue for our review: whether there is sufficient evidence to support his conviction.

We affirm.

The facts most favorable to the State reveal that in March 1993, Jason Roush ("Roush") and three friends were in the parking lot of a supermarket in South Bend, Indiana when a Monte Carlo occupied by five young men, including Phelps, drove by and one of its occupants shouted an insult toward Roush and his friends. The Monte Carlo stalled as it rolled over a speed bump and Roush yelled, "Nice car." The Monte Carlo then turned around and returned to the parking lot. Roush and his friends retreated to their own vehicle. As Roush was waiting to enter the vehicle, Phelps approached and slammed the car door shut as Roush was about to climb in. Phelps had a cigarette in his left hand and had his right hand in his pocket. Phelps then dropped his cigarette. After reaching down to pick up the cigarette, Phelps struck Roush in the face with brass knuckles worn on his right hand. Phelps ran back to the Monte Carlo and fled the scene. Thereafter, Roush and his companions identified Phelps as the attacker. Phelps was subsequently charged and convicted of battery, a class C felony.

▌ Phelps now contends that the State failed to present sufficient evidence to support his conviction for battery. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if there exists evidence of probative value from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

Phelps argues that the State failed to show that he was armed with a deadly weapon when he struck Roush or that Roush suffered serious bodily injury. Section 35–42–2–1 of the Indiana Code provides, "A person who knowingly and intentionally touches another person in a rude, insolent, or angry manner commits battery ... a Class C felony[,] if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon."

A deadly weapon is "a weapon, device, taser ... or electronic stun weapon ..., equipment, chemical substance, or other material that in the manner it is used, or could ordinarily be used, or is intended to be used, is readily capable of causing serious bodily injury." IND.CODE § 35–41–1–8(2) (1993). Serious bodily injury is "bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member. or organ." IND. CODE §· 35–41–1–25 (1993).

▌ Our courts have yet to determine whether brass knuckles are a deadly weapon under IC 35–41–1–8(2). Whether an object is a deadly weapon is a question of fact for the jury to determine based on the manner of its use and the circumstances of the specific case. *Timm v. State,* 644 N.E.2d 1235, 1238 (Ind.1994). In determining whether an instrument is a deadly weapon, we look to the capacity of the object to inflict serious bodily injury under the factual circumstances of the case. *Id.*

▌ Here, Roush's friend, Ricky Lee Peddycord, testified that after Phelps picked up his cigarette he pulled his hand out of his pocket and was wearing a set of brass knuckles. Peddycord indicated that after Phelps took his hand out of his pocket, he "just squared up and hit [Roush]" with the hand with the brass knuckles. Record at 137. The impact broke Roush's jaw and knocked five to six of his teeth out of his mouth. Roush's glasses fell off, blood was dripping down his chin, and pieces of Roush's teeth were on the ground.

---

1. IND.CODE § 35–42–2–1 (1993).

From this evidence, the trier of fact could reasonably have concluded that the brass knuckles were capable of inflicting serious bodily injury regardless of whether or not Phelps caused Roush serious bodily injury. *Timm, supra*, at 1238–39 (evidence that defendant struck victim with a plastic flashlight causing injury was sufficient to support conviction for battery while armed with a deadly weapon). Moreover, a conviction may be sustained on the uncorroborated testimony of a single witness. *Hobbs v. State*, 548 N.E.2d 164, 168 (Ind.1990). Accordingly, we conclude that, based upon Peddycord's testimony, there was sufficient evidence to support the conclusion that Phelps committed battery on Roush while armed with a deadly weapon.[2]

Affirmed.

GARRARD and BARTEAU, JJ., concur.

---

**2.** In light of our conclusion that the brass knuckles were a deadly weapon, we need not address whether there was sufficient evidence to support the conclusion that Phelps caused Roush "serious bodily injury." *Timm, supra*.