ATTORNEY FOR APPELLANT
Erin L. Berger
Evansville, Indiana

ATTORNEY FOR AMICI CURIAE
Joel M. Schumm
Indianapolis, Indiana

ATTORNEY FOR AMICI CURIAE
Eric C. Bohnet
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Stephen R. Creason
Chief Counsel
Office of Attorney General

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 82S05-1007-CR-343

RICHARD L. BARNES,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Vanderburgh Superior Court, No. 82D02-0808-CM-759
The Honorable Mary Margaret Lloyd, Judge

_____

On Petition for Rehearing

_____

**September 20, 2011**

**David, Justice.**

When law enforcement officers responding to a "domestic violence in progress call" arrived at the scene, the husband, about whom his wife had made the 911 call, got physical with the responding police officer. A jury found Richard Barnes guilty of battery on a police officer and resisting arrest. We earlier affirmed his conviction, and he has petitioned for rehearing.

In addition, the Attorney General has requested rehearing, as have amicus curiae members of the Indiana General Assembly, who urge clarification or modification of our prior ruling.

The petitions for rehearing, advanced by thoughtful people, have convinced us that the appropriate course is to grant rehearing and speak further on the law of this case.

At the heart of this appeal has been the suspected spouse abuser's contention that the trial court erred when it refused to instruct the jury that he had the right to get physical with the police officers if he believed their attempt to enter the residence was legally unjustified.

Neither the trial court, nor the Court of Appeals, nor this Court have agreed with Barnes that the officers violated any statute or any provision of the state or federal constitutions when they sought entry, at the wife's request, to investigate and ensure the wife's safety.

The central question we addressed earlier was whether the defendant was entitled to have the jury told that the common law right to defend one's home against invasion was a defense against Indiana's statute that criminalizes violence against police officers acting in the course of their duties. The legislature has declared it to be a Class A misdemeanor when one commits battery on a law enforcement officer "while the officer is engaged in the execution of the officer's official duty." Ind. Code § 35-42-2-1(a)(1)(B) (2008).[1]

Barnes's demand for this instruction has rested solely on the common law rule that "a man's home is his castle," which gives him the right to reasonably resist unlawful entry. The amicus legislators additionally cite a statute not pleaded by Barnes which creates a defense to crimes of violence, authorizing a person to use "reasonable force, including deadly force, against another person . . . if the person reasonably believes that the force is necessary to prevent or terminate" the unlawful entry of his dwelling or occupied motor vehicle. I.C. § 35-41-3-2(b). As will appear below, the Attorney General's analysis of this statute speaks to the same point raised by the amicus.

---

[1] Courts have long understood that the legislature intended battery on a law enforcement officer to require proof that the officer was engaged in official duties. See Tapp v. State, 406 N.E.2d 296, 302 (Ind. Ct. App. 1980) ("[I]t is the nature of the acts performed and not whether the officer is on or off duty, in or out of uniform, which determines whether the officer is engaged in the performance of his official duties.").

The Attorney General's response to Barnes's petition for rehearing urges that this right should remain intact but likewise urges that "reasonable resistance does not include battery or other violent acts against law enforcement."

We deem the Attorney General to have restated the central thesis of our resolution of this case. As he says,

> Tense and even dangerous police-citizen encounters fit no limited pattern; reactions and decisions are made in the split second, and each incident is unique. The hindsight, after-the-fact evaluation by the judiciary is inherently a case-by-case process, but our courts have shown themselves equal to the task as they strike the correct balance between safety and privacy.

The Attorney General is correct that making such decisions is inherently a matter based on fact, but whether a criminal defendant may be excused from a crime created by statute is a matter of general law. Consistent with his earlier point, we hold that the Castle Doctrine is not a defense to the crime of battery or other violent acts on a police officer.

Our holding does no more than bring Indiana common law in stride with jurisdictions that value promoting safety in situations where police and homeowners interact. Importantly, we observe the actions in this case were "appropriate to a rapidly unfolding situation in the immediate aftermath of a reported" domestic violence situation. Commonwealth v. Gomes, 795 N.E.2d 1217, 1222 (Mass. App. Ct. 2003) (refusing to grant a jury instruction on the right to forcibly resist an unlawful police entry).

We also emphasize that this holding does not alter, indeed says nothing, about the statutory and constitutional boundaries of legal entry into the home or any other place. Our earlier opinion was not intended to, and did not, change that existing law about the right of the people to be secure in their persons, houses, and papers against unreasonable searches and seizures. U.S. Const. amend. IV; Ind. Const. art. 1, § 11.

This also reflects the basis for our holding about defenses available to criminal defendants charged with violence against police officers: the ruling is statutory and not constitutional. The General Assembly can and does create statutory defenses to the offenses it criminalizes, and the crime of battery against a police officer stands on no different ground. What the statutory defenses should be, if any, is in its hands.

Having granted rehearing and restated the essential holding in this case, we continue to affirm Barnes's conviction.


Shepard, C.J., and Sullivan, J., concur.

Dickson, J., concurs in result.

Rucker, J., dissents with separate opinion.

**Rucker, Justice, dissenting.**

I agree rehearing should be granted in this case. However I disagree with the Majority's resolution. There appears to be some tension between Ind. Code § 35-42-2-1(a)(1)(B) making it a criminal offense to commit battery on a law enforcement officer "while the officer is engaged in the execution of the officer's official duty," and Ind. Code § 35-41-3-2(b) providing persons the right to use "reasonable force . . . if the person reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on the person's dwelling." I would grant rehearing to explore whether, as a matter of Indiana statutory law, defendant Barnes was entitled to a jury instruction regarding police entry into his home.