ATTORNEY FOR APPELLANT
Derick W. Steele
Kokomo, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 16 2012, 11:26 am
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 34S02-1203-CR-169

JESSE J. HARRIS, JR.,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Howard Superior Court, No. 34D01-0911-MR-1002
The Honorable William C. Menges, Jr., Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 34A02-1009-CR-1068

**March 16, 2012**

**Shepard, Chief Justice.**

A jury found Jesse J. Harris, Jr. guilty of murder and two counts of attempted murder. We have accepted jurisdiction to clarify that a defendant claiming a violation of a local felony case assignment rule need not establish prejudice to prevail on appeal. Concluding no such violation occurred here, closely, we affirm.

**Facts and Procedural History**

Around 3 a.m. on April 5, 2008, Jesse J. Harris, Jr., Laundon Luckett, and Michael Yates left a Kokomo strip club in a purple Mazda-6 to follow a white Monte Carlo. In the Monte Carlo rode Mark Matthews, Keith Taylor, and Tyrell Taylor, all of whom Harris and his friends intended to kill before Matthews and the Taylor brothers had a chance to retaliate for Luckett and Yates attempting to rob Keith earlier that evening. The Monte Carlo also happened to carry Abby Rethlake and Morgan Vetter, two underage friends.

Harris and company decided to continue following the Monte Carlo even after the Taylor brothers got out, deciding that killing Matthews would be better than nothing. When asked about the two innocent girls also riding in the car, Harris responded that they would have to kill them, too, as the girls would be witnesses otherwise.

Lying in wait for the Monte Carlo to pull into a parking space, Yates blocked the Monte Carlo in from behind while Harris and Luckett riddled it with bullets. Abby Rethlake suffered multiple wounds, the fatal shot coming from Harris's gun. Morgan Vetter suffered life-threatening injuries but managed to recover. Matthews suffered minor injuries.

A grand jury indicted Harris on five counts, and the prosecutor filed charges against Harris in Howard Superior Court I.

On July 16, 2010, the jury returned guilty verdicts on all counts. The court entered judgments only on Counts I, III, and V. The court sentenced Harris to the maximum sixty-five years for Count I, and the maximum fifty years each on Counts III and V, all served consecutively for a total of 165 years.

Harris appealed on five grounds, and the Court of Appeals affirmed. Harris v. State, 951 N.E.2d 311 (Ind. Ct. App. 2011) (table).

We grant transfer, thereby vacating the opinion of the Court of Appeals. Ind. Appellate Rule 58(A). We analyze below Harris's claim about the State's violation of a case filing rule, and summarily affirm the Court of Appeals' disposition of the remaining issues. Ind. Appellate Rule 58(A).

## Felony Assignment Rule Violation Does Not Require Showing Prejudice

Harris argues that the only reason his trial occurred in Howard Superior Court I in the first place is because the State engaged in forum shopping.

A criminal defendant has a right to a fair trial before an impartial judge. Everling v. State, 929 N.E.2d 1281 (Ind. 2010) (citing Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)). In the eyes of the public, and certainly of the defendant, a judge's impartiality seems less convincing if the prosecution can select the judge before whom it will be heard.

To prevent forum shopping aimed at obtaining a judge believed to be more favorable to the State—even in cases in which the perceived advantage might be open to doubt—this Court has obliged the trial courts of each county to formulate a local rule for the nondiscretionary assigning of all felony and misdemeanor cases. Ind. Crim. Rule 2.2. The judges in each county design a rule that fits with local circumstances and submit the plan for approval by the Indiana Supreme Court. Ind. Crim. Rule 2.2.

Under this arrangement, the Howard Circuit and Superior Courts adopted a rule providing for a weekly rotation among the Circuit Court, Superior Court II, and Superior Court IV. Howard LR34-CR2.2 Rule 29(A). In general, a Howard County prosecutor must file a felony criminal charge in the court designated by the weekly rotation, on the basis of the date the offense occurred, subject to several exceptions. Local Rule 29(B). Under one of these exceptions, when a defendant already faces an earlier criminal charge in a court not on rotation, the prosecutor must file felony criminal charges in that court instead. Local Rule 29(B)(5).

Concluding that Harris could not show he had suffered any prejudice, the Court of Appeals declined to reach the merits of Harris's claim that the prosecutor violated Local Rule 29. Harris, at *8–9. We think that requiring a defendant to establish prejudice sets the bar too high and therefore hold that a defendant need not do so to win a reversal.

In a civil case, any party may request a change of judge as of right—for any reason or none at all. Ind. Trial Rule 77(B). But in a criminal case, a defendant may obtain a change of judge only on a showing of judicial bias or prejudice. Ind. Crim. Rule 12(B). To be sure, Criminal Rule 12(B) applies to the State as well. But the purpose of Criminal Rule 2.2 is to prevent the State from gaining, at the moment of filing, an advantage that might not rise to the level of the bias or prejudice that would entitle a defendant to a change of judge under Criminal Rule 12(B).

The trial court denied Harris's original motion to transfer the case, concluding that the prosecutor properly filed charges in Howard Superior Court I because an earlier charge was pending against Harris in Superior Court I on the date Harris committed his second offense. For his part, Harris contends the "another charge pending" exception does not apply because, although there was another charge pending on the date Harris committed his second offense, the first charge had been resolved by the time the second charge was filed.

Although Harris's interpretation of Local Rule 29 has some force, the trial court's reading of its own rule, approved here through the standard process, is a plausible one entitled to some deference on appeal. We are thus inclined to accept its interpretation and conclude that no violation occurred.

Still, the shades of grey in Local Rule 29 that led to this dispute need sharpening up. We will therefore ask the judges in Howard County to draft amendments sufficient to prevent a recurrence.

**Conclusion**

We therefore affirm Harris's conviction.

Dickson, Sullivan, Rucker, and David, JJ., concur.