**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONICA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Sep 05 2012, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NAPOLEON GRACIA, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1112-CR-667 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-1011-FC-01026

**September 5, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Napoleon Gracia, Sr.[1] was convicted of one felony and two misdemeanor counts stemming from a physical altercation with police officers. On appeal, Gracia contends that the State engaged in impermissible forum shopping when it filed charges against him in Howard Superior Court I. Gracia also argues that the trial court erred in refusing to give a jury instruction on excessive use of force by police and that his sentence is inappropriate. We conclude that while the filing of charges in Howard Superior Court I was error, Gracia did not object to the filing and must therefore show fundamental error. We find that he has failed to do so. We also conclude that Gracia was not entitled to the jury instruction at issue and that Gracia's sentence is not inappropriate. We affirm.

**Facts and Procedural History**

In November 2010, Kokomo Police Officers Adam Martin and Chad VanCamp were investigating a report of possible drug activity at 927 South Lewis Street in Howard County, the home of the Gracia family. When the two officers arrived at the Lewis Street address, Officer Martin approached the rear of the house. Officer Martin noticed the odor of burnt marijuana emanating from an open window, which became stronger as he neared the back of the house. Officer VanCamp confirmed the odor of burnt marijuana and left the property to apply for a search warrant.

While Officer VanCamp sought a search warrant, neighbors provided Officer Martin with a telephone number for Mrs. Gracia. When Officer Martin reached Mrs.

---

[1] There is some confusion regarding whether the defendant is Napoleon Gracia, Jr., or Napoleon Gracia, Sr. While the defendant's appellate materials and some trial exhibits list his name as Napoleon Gracia, Jr., the remaining appellate materials refer to him as Napoleon Gracia, Sr. In addition, a Department of Correction inmate search shows that the defendant is listed as Napoleon Gracia, Sr. We therefore use the senior designation.

2

Gracia by phone, she told him that she would send her husband and son home to meet with the officers. At approximately 4:00 p.m., Gracia and his son arrived at the house. Sergeant Tonda Cockrell, Corporal Stacey Wines, Corporal Keith Meyers, and Officer Brian Hunt also arrived at the scene, and Officer VanCamp returned with a search warrant. Gracia and his son waited in his garage with Corporal Meyers and Officer VanCamp while the other officers executed the search warrant. During the search, the officers discovered a leafy plant substance and items associated with the smoking and sale of marijuana.

Officer VanCamp informed Gracia that he was under arrest because the officers found marijuana in the house. He asked Gracia to place his hands behind his back. Gracia refused repeated requests to do so. Officer Hunt then approached Gracia and grabbed his left wrist. Gracia pulled his hand away. Corporal Meyers warned Gracia that he would be tased if he did not place his hands behind his back. Gracia refused to comply, and Corporal Meyers deployed his taser, striking Gracia in the abdomen. Gracia pulled the taser wires from his skin and charged at Officers Meyers and Hunt. At that point, Officer Hunt sprayed Gracia in the face with mace. Gracia then punched Officer Hunt. A fistfight ensued, during which Gracia struck Officer VanCamp in the chest. Gracia also attempted to remove Officer Hunt's gun from its holster. The officers ultimately brought Gracia to the ground and handcuffed him.

The State charged Gracia with the following counts: (I) Class C felony disarming of a law enforcement officer; (II) Class D felony dealing in marijuana; (III) Class D felony possession of marijuana; (IV) Class D felony battery resulting in bodily injury;

3

(V) Class A misdemeanor battery; and (VI) Class A misdemeanor resisting law enforcement.

Gracia's three-day jury trial ended in June 2011. At the close of evidence, Gracia tendered the following jury instruction:

> The law does not allow a peace officer to use more force than necessary to effect an arrest, and if he does use such unnecessary force, he thereby becomes a trespasser, and an arrestee therefore may resist the arrester's use of excessive force by the use of reasonable force to protect himself against great bodily harm or death. If you find that Officer VanCamp, Officer Hunt, Corporal Myers, Deputy Wines, Officer Martin[,] or Sergeant Cockrell used more force than necessary to effectuate the arrest, then the accused was permitted to resist the arrest to such an extent as necessary to protect himself from great bodily harm or death, and you must find him not guilty of resisting law enforcement. Authority: *Wilson v. State*, 842 N.E.2d 443, 446 (Ind. Ct. App. 2006)[, *trans. denied*].

Appellant's App. p. 153. The trial court refused the instruction, stating that it was no longer good law under our Supreme Court's decision in *Barnes v. State*, 946 N.E.2d 572 (Ind. 2011), *clarified on reh'g*, 953 N.E.2d 473 (Ind. 2011). The jury found Gracia guilty of Counts I, V, and VI.

At the sentencing hearing, the trial court discussed aggravating factors, including Gracia's criminal history, which included convictions for dealing in marijuana, resisting law enforcement, and just a few months earlier, battery with bodily injury. The trial court explained that Gracia's criminal history indicated a pattern of violent behavior. Tr. p. 437. The trial court also expressed concern about the facts of the current case:

> [Gracia] admitted that he, quote, may have grabbed Officer Hunt's gun belt and service weapon, end quote, but if he did it wasn't intentional. That is all well and good except for Officer Hunt's testimony wherein he testified that [Gracia] grabbed the gun and pulled on it hard enough to actually lift Officer Hunt up off his feet. He felt that that was a deliberate, intentional attempt to gain possession of his service weapon. The jury agreed and I

4

think that is absolutely what happened. The fact that nobody was hurt is simply because of the nature of the design of the officer's holster. Because of that design[,] the gun did not come out and so nobody was involved in gun play.

*Id.* at 438.

The trial court sentenced Gracia to eight years in the Department of Correction on Count I, one year on Count V, and one year on Count VI. The trial court suspended the sentences on Counts V and VI to supervised probation and ordered Gracia to serve that probationary period consecutive to the sentence on Count I.

Gracia now appeals.

## Discussion and Decision

On appeal, Gracia argues that: (1) the State engaged in impermissible forum shopping when it filed charges in Howard Superior Court I; (2) the trial court erred in refusing to give Gracia's jury instruction on excessive use of force by police; and (3) his sentence is inappropriate.

## I. Howard County Local Court Rules

Gracia contends that the State engaged in impermissible forum shopping when it filed charges against him in Howard Superior Court I. Gracia's argument involves the Howard County local court rules governing the assignment of cases, which our Supreme Court recently discussed in *Harris v. State*:

> [T]he Howard Circuit and Superior Courts adopted a rule providing for a weekly rotation among the Circuit Court, Superior Court II, and Superior Court IV. Howard LR34-CR2.2 Rule 29(A). In general, a Howard County prosecutor must file a felony criminal charge in the court designated by the weekly rotation, on the basis of the date the offense occurred, subject to several exceptions. Local Rule 29(B).

963 N.E.2d 505, 506 (Ind. 2012). Howard Superior Court I is not included in this rotating system. According to the local rules, the State may file charges in Howard Superior Court I if the charges are drawn under Indiana Code Title 35, Article 48. Howard LR34-CR2.2 Rule 29(B)(3). When there are multiple charges, as here, filing is based upon the highest charged class of felony.[2] The highest class of felony charged here was Class C felony disarming of a law enforcement officer. As the State acknowledges, this charge does not fall under Title 35, Article 48, and for this reason, Howard Superior Court I was not the proper forum for Gracia's case.[3]

The State contends, however, that because Gracia did not object to the filing of charges in Howard Superior Court I, he may only prevail if the improper filing amounts to fundamental error. Notably, in *Harris*, the Court held that a defendant is not required to show prejudice to prevail on a claim that the State engaged in forum shopping. 963 N.E.2d at 507. In that case, however, the defendant objected to the filing of charges in Howard Superior Court I and filed a pre-trial motion to transfer the case pursuant to the local rules. Here, Gracia did not object to the case being filed in Howard Superior Court I; therefore, he did not give the trial court the opportunity to correct the filing error. For

---

[2] There is an exception for cases with multiple counts where the highest-charged felonies are of the same class. In that instance, the case is to be filed in Superior Court I. *See* Howard LR34-CR2.2 Rule 29(B)(3).

[3] We note, however, that Gracia was charged with battery with bodily injury as a misdemeanor in February 2010 in another case. This charge was filed in Howard Superior Court I, and after Gracia pled guilty in June 2010, he was placed on unsupervised probation for one year. Gracia was still on unsupervised probation when the charges were filed in this case. As in *Harris*, this may have led to some confusion regarding where the underlying charges were to be filed. 963 N.E.2d at 507. In *Harris*, the Court noted that the filing rules had "shades of grey" and urged the Howard County judiciary to amend them. *Id.* The judiciary has done so, and these amendments will take effect in January 2013. *See* http://co.howard.in.us/clerk1/docs/2012_08_07_14_29_48.pdf (last visited Aug. 20, 2012). However, because the State admits that the charges in this case were improperly filed in Howard Superior Court I, we proceed in our analysis accordingly.

this reason, we conclude that Gracia must show prejudice; that is, he must show that fundamental error occurred.

"The fundamental error doctrine is an exception to the general rule that the failure to object at trial constitutes a procedural default precluding consideration of an issue on appeal." *Jewell v. State*, 887 N.E.2d 939, 940 n.1 (Ind. 2008). The fundamental error exception is extremely narrow. *McQueen v. State*, 862 N.E.2d 1237, 1241 (Ind. Ct. App. 2007). To qualify as fundamental error, the error must be "so prejudicial to the rights of the defendant as to make a fair trial impossible." *Carden v. State*, 873 N.E.2d 160, 164 (Ind. Ct. App. 2007). The fundamental error exception "applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *McQueen*, 862 N.E.2d at 1241.

Gracia does not argue that the trial court was biased or that he was otherwise denied a fair trial, *see* Appellant's Br. p. 14-16, and his argument that the prosecutor disregarded local rules is no substitute for this showing. Gracia has failed to establish fundamental error.

## II. Jury Instruction

Gracia also contends that the trial court erred in refusing his jury instruction on excessive use of force by police. In reviewing a trial court's decision to give or refuse tendered jury instructions, we consider: (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions

7

that are given. *Chambers v. State*, 734 N.E.2d 578, 580 (Ind. 2000), *reh'g denied*. A defendant is only entitled to reversal if he affirmatively demonstrates that the instructional error prejudiced his substantial rights. *Hero v. State*, 765 N.E.2d 599, 602 (Ind. Ct. App. 2002), *trans. denied*.

Gracia tendered a jury instruction on the use of excessive force by police. The trial court refused Gracia's tendered instruction, stating that it did not believe the instruction was a "good statement of the law" in light of the Supreme Court's decision in *Barnes v. State*. We agree.

In *Barnes*, the Court held "there is no right to reasonably resist unlawful entry by police officers." 946 N.E.2d at 574. The instruction tendered by Gracia provided a defense to the charges against him by converting the police officers to trespassers or unlawful enterers in his home by arguing that they used unnecessary force. *See* Appellant's App. p. 153 ("[I]f [a police officer] does use such unnecessary force, *he thereby becomes a trespasser*, and an arrestee therefore may resist the arrester's use of excessive force by the use of reasonable force . . . .") (emphasis added). In this way, Gracia argued that he was permitted to use reasonable force against the police officers in his garage. This was not permitted at the time under *Barnes*.[4] We conclude that the trial court did not abuse its discretion in refusing this instruction.

### III. Inappropriate Sentence

---

[4] We note that the legislature amended Indiana Code section 35-41-3-2, effective March 20, 2012, to restore a citizen's right to use reasonable force to protect themselves against unlawful entry by police officers. Ind. Code § 35-41-3-2(i)(2).

Finally, Gracia contends that his eight-year sentence for Class C felony disarming of a law enforcement officer is inappropriate in light of the nature of the offense and his character.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

The sentencing range for a Class C felony is two to eight years, with four years being the advisory term. Ind. Code § 35-50-2-6. Here, the trial court sentenced Gracia to eight years, the maximum sentence for this offense.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. Gracia refused to allow law enforcement officers to handcuff him and initiated a physical altercation with the officers in his garage. During that altercation, Gracia charged at the officers, punching and kicking them. Despite the use of a taser and mace, Gracia continued to physically threaten the officers. Most importantly, as the altercation escalated, Gracia attempted to remove a handgun from one of the officers' belts. The trial court noted that the only thing that had prevented "gunplay" during the altercation was the design of the officer's holster. The nature of this offense was serious.

Regarding his character, Gracia has a criminal history that includes violence directed at law enforcement. In 2002, Gracia was convicted of dealing in marijuana and resisting law enforcement. In February 2010, Gracia was convicted of battery with bodily injury. When sentencing Gracia in this case, the trial court noted, as we do on appeal, Gracia's pattern of violent behavior toward others, including law enforcement. Gracia has failed to persuade us that his sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

MATHIAS, J., and BARNES, J., concur.