## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2017, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen F. Hurley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Kevin Sandifer,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 21, 2017

Court of Appeals Case No.
49A02-1605-CR-1083

Appeal from the Marion Superior Court

The Honorable William Nelson, Judge

Trial Court Cause No.
49G18-1503-F6-9837

**May, Judge.**

[1] Kevin Sandifer appeals his convictions of two counts of Level 6 felony battery against a public safety official[1] and one count of Class A misdemeanor disorderly conduct.[2] He raises three issues, which we consolidate and restate as:

> 1) Whether the State presented sufficient evidence to prove two counts of battery; and
>
> 2) Whether the disorderly conduct conviction must be overturned because his speech was protected as political speech.

[2] We affirm.

## Facts and Procedural History

[3] On March 20, 2015, Sandifer went to the Marion County Community Corrections ("MCCC") office. Staff determined Sandifer had violated his home detention, so they notified the Marion County Sheriff's Department. Corporal Brian Kotarski and Deputy Wayne Loney, both in uniform, arrived at the MCCC office to serve an arrest warrant on Sandifer. When they arrived, Sandifer was with MCCC case manager Jill Jones.

---

[1] Ind. Code § 35-42-2-1 (2014).

[2] Ind. Code § 35-45-1-3 (2014).

[4]     Sandifer complied with the officers' orders while being handcuffed. However, he was "yelling expletives . . . towards the staff at Community Corrections." (Tr. at 10.) Sandifer's yelling was "disrupting everyone in the office." (*Id*. at 36.) Sandifer testified he had said, during the arrest, "man, you got it wrong, man. They just set me up for failure" and "they playin' [sic] games" because he did not agree MCCC should have called the police on him. (*Id*. at 52.)

[5]     While Deputy Loney completed inventory paperwork on Sandifer's property, Corporal Kotarski saw Sandifer was still wearing a ring. Corporal Kotarski "approached Mr. Sandifer from behind . . . to get the ring and remove it." (*Id.* at 12.) Sandifer grabbed the deputy's "pointing finger" and "started to apply pressure to [Corporal Kotarski's] hand." (*Id.*) Corporal Kotarski felt Sandifer start to dig his fingernails into Corporal Kotarski's hand, and Corporal Kotarski felt pain. Sandifer did not let go when told to do so. To free himself, Corporal Kotarski stepped back while simultaneously pushing Sandifer into the wall.

[6]     Because Sandifer continued to "yell[] profanities at the community corrections staff that was in the office," (*id.* at 14), Deputy Loney and Corporal Kotarski took Sandifer to the alley outside the building. Jones followed them outside. Sandifer continued to yell, but now he was telling the two officers "he was going to 'kick our ass, take these cuffs off.'" (*Id*. at 15.) Corporal Kotarski asked Sandifer "to calm down and stop yelling." (*Id.* at 16.) However, Sandifer stayed quiet only for a "minute or two." (*Id*. at 17.) Sandifer called Jones a "mother fucking bitch" and referred to the officers individually as "mother

fucker." (*Id.* at 38.) When Corporal Kotarski walked past Sandifer to go talk to Jones, Sandifer kicked Corporal Kotarski in the shin.

[7] The State charged Sandifer with two counts of battery against a public safety official, disorderly conduct, and public intoxication.[3] The trial court found Sandifer not guilty of public intoxication, but guilty of two counts of battery against a public safety official and one count of disorderly conduct. The trial court sentenced Sandifer to 730 days for each of the battery charges and 180 days for the disorderly conduct. All counts were ordered served concurrent with one another and, except for the time served, all time was suspended to supervised probation.

# Discussion and Decision

[8] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the

---

[3] Ind. Code § 7.1-5-1-3 (2012). The State also charged Sandifer with resisting law enforcement. *See* Ind. Code § 35-44.1-3-1 (2014). After the State presented its case in chief at trial, Sandifer moved for involuntary dismissal of the resisting law enforcement count under Indiana Trial Rule 41, which provides such a motion may be granted when the party with the burden of proof has failed to meet that burden. The trial court agreed with Sandifer and dismissed that count.

evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

## Battery

[9] To prove battery, the State had to prove Sandifer "touche[d] another person in a rude, insolent, or angry manner." Ind. Code § 34-42-2-1(b)(1). The crime increases from a misdemeanor to a Level 6 felony if "[t]he offense is committed against a public safety official while the official is engaged in the official's official duty." I.C. § 34-42-2-1(d)(2). The State presented evidence both Deputy Loney and Corporal Kotarski were in uniforms identifying them as law enforcement officers. Sandifer challenges only the evidence of his touching "in a rude, insolent, or angry manner," Ind. Code § 34-42-2-1(b)(1), and we consider his argument as to each charge individually.

[10] Sandifer argues he squeezed Corporal Kotarski's hand because he was "startled" and "under the influence of alcohol." (Appellant's Br. at 9-10.) Even if Sandifer had consumed alcohol, no evidence was presented to show his intoxication was involuntary, and "voluntary intoxication is not a defense in a criminal prosecution." *Villaruel v. State*, 52 N.E.3d 834, 839 (Ind. Ct. App. 2016). Sandifer's assertions that his reactions were a result of being startled are

an invitation for us to reweigh the evidence, which we will not do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence or judge the credibility of witnesses). Corporal Kotarski testified that as they were removing and inventorying Sandifer's property pursuant to his arrest, Sandifer grabbed Corporal Kotarski's finger with sufficient force to cause pain and tried to dig his fingernails into Corporal Kotarski's hand. This evidence is sufficient to justify Sandifer's conviction of one count of battery. *See, e.g.*, *Phelps v. State*, 669 N.E.2d 1062, 1064 (Ind. Ct. App. 1996) (battery conviction upheld on the testimony of single witness).

[11] As to the second count, Sandifer asserts that, because only Corporal Kotarski witnessed the kick to Corporal Kotarski's shin, we should consider Sandifer's claim that he "did not intentionally kick Kotarski and if he did touch him with his foot[,] it was inadvertent." (Appellant's Br. at 10.) However, we may not reweigh the evidence or assess the credibility of the witnesses. *See Drane*, 867 N.E.2d at 146. "Moreover, the uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal." *Toney v. State*, 715 N.E.2d 367, 369 (Ind. 1999). Corporal Kotarski's testimony that Sandifer kicked him in the shin shortly after threatening to "kick [the officers'] ass," (Tr. at 17), is sufficient to support an inference that Sandifer's kick occurred in a "rude, insolent, or angry manner." *See, e.g.*, *K.D. v. State*, 754 N.E.2d 36, 41 (Ind. Ct. App. 2001) (testimony permitted inference defendant's manner was rude, insolent, or angry).

# Disorderly Conduct

[12] Sandifer asserts the State presented insufficient evidence to support a conviction for disorderly conduct because his speech was protected under Article 1, Section 9 of the Indiana Constitution. To prove Class A misdemeanor disorderly conduct, the State had to prove Sandifer "knowingly or intentionally ma[d]e an unreasonable noise; and continued to do so after being asked to stop." (App. Vol. II at 22); *see also* Ind. Code § 35-45-1-3(a)(2) (2014).

> Because one's conduct or expression may be free speech protected under the Indiana Constitution, an application of the disorderly conduct statute must pass constitutional scrutiny. We employ a two-step inquiry in reviewing the constitutionality of an application of the disorderly conduct statute: we (1) "determine whether state action has restricted a claimant's expressive activity" and (2) "decide whether the restricted activity constituted an 'abuse' of the right to speak." *Whittington v. State,* 669 N.E.2d 1363, 1367 (Ind. 1996). The first prong may be satisfied based solely on the police restricting a claimant's loud speaking during a police investigation. *Id.* at 1370. The second prong hinges on whether the restricted expression constituted political speech. *Id.* at 1369-70. If the claimant demonstrates under an objective standard that the impaired expression was political speech, the impairment is unconstitutional unless the State demonstrates that the "magnitude of the impairment" is slight or that the speech amounted to a public nuisance such that it "inflict[ed] 'particularized harm' analogous to tortious injury on readily identifiable private interests." *Id.* (quoting *Price v. State,* 622 N.E.2d 954, 964 (Ind. 1993)). If the expression, viewed in context, is ambiguous, it is not political speech, and we evaluate the constitutionality of the impairment under standard rationality review. *Id.* at 1370.

*Barnes v. State*, 946 N.E.2d 572, 577 (Ind. 2011), *adhered to on reh'g,* 953 N.E.2d 473 (Ind. 2011).

[13] Because police arrested Sandifer for disorderly conduct based on his speech, the first prong is satisfied. *See*, *e.g.*, *Whittington v. State*, 669 N.E.2d 1363, 1368 (Ind. 1996) (arrest for speech satisfied first prong). Thus, we turn to whether the speech for which Sandifer was arrested was "political speech." For speech to be political, it must focus "on the conduct of government officials and agents," *id.* at 1370 n.11, and it must not veer from remarking "on the conduct of government officials and agents." *Id.*

[14] While Sandifer's speech may have started as political by commenting on the actions of MCCC staff, it devolved into name-calling and threats. Such speech is not political and is then reviewed only for rationality, *i.e.*, the State must prove it was rational to conclude Sandifer was abusing his right to speak. *See Williams v. State*, 59 N.E.3d 287 (Ind. Ct. App. 2016).

[15] Sandifer was asked to calm down and failed to do so. Sandifer admitted "there was a whole lot of people in [MCCC]. Matter of fact, because of my mouth, a whole lot of 'em [sic] came out and they started looking 'cause [sic] they wanted to know what's goin' [sic] on." (Tr. at 52.) Corporal Kotarski told him to "calm down and stop yelling[.]" (*Id.* at 16.) Sandifer's yelling, after being warned to stop, is sufficient to sustain the disorderly conduct conviction because his speech was not political and was an abuse of his right to speak. *See Barnes*, 946 N.E.2d at 578 (conviction for disorderly conduct deemed minimal

impairment of the right to expression and sustained because Barnes was just yelling at the officers and had been told to calm down).

# Conclusion

[16] The State presented sufficient evidence to prove both battery charges. Sandifer's speech was not political and was an abuse of his right to speak under Art. 1, Sec. 9 of the Indiana Constitution. Thus, the State properly convicted him of disorderly conduct based on his speech. We therefore affirm.

[17] Affirmed.

Najam, J., and Bailey, J., concur.