## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 09 2017, 6:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Richard Carey Webster
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher O. May,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 9, 2017

Court of Appeals Case No.
03A01-1610-CR-2384

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1603-F5-1299

**May, Judge.**

[1] Christopher O. May appeals his seven-year aggregate sentence for his convictions of Level 5 felony battery against a public safety official,[1] Class A misdemeanor resisting law enforcement,[2] and Class B misdemeanor criminal recklessness.[3] May argues his sentence is inappropriate in light of the nature of his offenses and his character. We affirm.

## Facts and Procedural History

[2] On February 27, 2016, Officer James Frederick of the Columbus Police Department received information that multiple callers had reported a truck driving dangerously on the roadway. Officer Frederick proceeded to the area to investigate, and he eventually arrived at a crash scene. A truck, driven by May, had crashed into another car, and May was outside the crashed truck, flailing his arms around, and "appeared to be holding a stun gun." (App. Vol. II at 13.)

[3] Officer Frederick initially held May at gunpoint and ordered him to the ground. May did not comply. Instead, he looked at Officer Frederick and asked if Officer Frederick's gun was real. Officer Frederick switched from his firearm to his Taser. The first attempt to subdue May with the Taser was unsuccessful because the probes failed to penetrate May's body. May approached Officer Frederick, "activated his stun gun, and [Officer Frederick] could hear the

---

[1] Ind. Code § 35-42-2-1(b)(1) & (f)(5)(A) (2014).

[2] Ind. Code § 35-44.1-3-1(a)(1) (2014).

[3] Ind. Code § 35-42-2-2(a) (2014).

electric current." (*Id.*) Officer Frederick managed to reload his Taser and deploy it a second time at May. This time, May fell to the ground, and another officer who had arrived at the scene helped handcuff May.

[4] The police took May to the hospital to have his blood drawn pursuant to a search warrant. Officer Ben Quesenbery read the search warrant to May. Officer Quesenbery was in May's hospital room with two other officers and medical staff. Officer Quesenbery was in the process of searching May for weapons when May kicked Officer Quesenbery in the neck. Officer Quesenbery testified the kick was "extremely painful," (Tr. at 35), and although he did not have any bruising, he had "a very sore and stiff neck the next day." (*Id.* at 36.)

[5] May was charged with Level 5 felony battery against a public safety official, Level 6 felony intimidation,[4] Class A misdemeanor operating a vehicle while intoxicated endangering a person,[5] Class A misdemeanor operating a motor vehicle without ever receiving a driver's license,[6] Class A misdemeanor resisting law enforcement, and Class B misdemeanor criminal recklessness. May was offered, and accepted, a plea agreement. The plea agreement provided the

---

[4] Ind. Code § 35-45-2-1 (2014).

[5] Ind. Code § 9-30-5-2 (2001).

[6] Ind. Code § 9-24-18-1 (2015). Operating a motor vehicle without ever receiving a driver's license is defined as a Class C misdemeanor. Ind. Code § 9-24-18-1. However, the crime becomes a Class A misdemeanor when a defendant already has a prior unrelated conviction of operating without ever receiving a license, and May had a prior conviction.

Court would recommend May's placement in the Purposeful Incarceration Program and indicated May understood he could be sentenced within the statutory range for each offense.

[6] May pled guilty to Level 5 felony battery, Class A misdemeanor resisting law enforcement, and Class B misdemeanor criminal recklessness in exchange for dismissal of the other three charges. The court sentenced May to six years for battery, one year for resisting law enforcement, and 180 days for criminal recklessness. The resisting law enforcement and criminal recklessness sentences were ordered served concurrent to one another and consecutive to the battery sentence, for an aggregate sentence of seven years.

## Discussion and Decision

[7] May argues his seven-year sentence is inappropriate under Indiana Appellate Rule 7(B). Under this rule, we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Our review is deferential to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). In reviewing May's sentence, we "should focus on the forest – the aggregate sentence – rather than the trees" –

the individual sentences.  *See Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  Whether a sentence is inappropriate depends on, "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case."  *Id.* at 1224.

[8]  When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence.  *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).  The advisory sentence for a Level 5 felony is three years, with a sentencing range from one year to six years.  Ind. Code § 35-50-2-6(b) (2014).  "A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one year."  Ind. Code § 35-50-3-2 (1977).  A conviction of a Class B misdemeanor carries a sentence of no more than 180 days.  Ind. Code § 35-50-3-3 (1977).  We determine the appropriateness of a deviation from the advisory sentence by reviewing whether there is anything about May's offenses that makes them different from the "typical" offenses accounted for by the legislature when it set the advisory sentence.  *See Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

[9]  May received the maximum available sentence for each of his three convictions, for an aggregate sentence of seven years.  The trial court found the nature of his battery conviction and "the harm, injury, loss or damage . . . to the [Officer] in this case was significant and greater than the elements necessary to approve [sic] the commission of the offense."  (Tr. at 45.)  The trial court so found because, while Officer Quesenbery did not suffer a permanent injury, offenses

committed against police officers, such as the kick to the neck, "have a lot more long-lasting [effect] to them psychologically [and] emotionally." (*Id.*)

[10] May contends the nature of the battery offense for his kick to Officer Quesenbery's neck did not justify an enhanced sentence because it did not cause the officer permanent damage. In support of this argument, May points us to Indiana Code section 35-38-1-7.1(b)(1) (2015), which states the trial court, when imposing a sentence, may consider that "the crime neither caused nor threatened serious harm to persons or property, or the person did not contemplate that it would do so." However, the trial court did consider the injury and whether it threatened serious harm to the officer. The trial court, in its discretion, chose not to find a mitigator in the fact that Officer Quesenbery did not suffer permanent injury, nor was the trial court required to so find. *See Shane v. State*, 769 N.E.2d 1195, 1199 (Ind. Ct. App. 2002) ("a trial court is not required to find mitigating factors or give them the same weight as the defendant"). While May did not permanently injure Officer Quesenbery, May caused injury when he battered Officer Quesenbery at the hospital, May failed to follow Officer Frederick's commands at the scene of the accident, and May committed criminal recklessness by driving recklessly and causing a crash while on methamphetamine and heroin. In light of May's offenses, we cannot say a seven-year sentence is inappropriate.

[11] Regarding May's character, the pre-sentence investigation report shows May has a long history of substance abuse. He has been consuming alcohol, using inhalants, and smoking marijuana since the age of eight. At age twelve, May

began using LSD, heroin, and methamphetamine. He stated he uses controlled substances daily. May admitted he was on methamphetamine and heroin at the time of the crash.

[12] "When considering the character of the offender, one relevant fact is the defendant's criminal history." *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*. The trial court found May's long criminal history to be significant, noting his criminal history includes "violence," "felonies," and "crimes of dishonesty." (Tr. at 44.) More specifically, his criminal history is comprised of seven felony convictions and eight misdemeanor convictions for a variety of offenses, such as theft, possession of controlled substances, criminal mischief, carrying a handgun without a license, and conversion. May also had three cases pending at the time of this sentencing, his probation had been revoked in the past, and while in jail for these crimes, May engaged in "indecent exposure, battery upon another person, [and] disorderly conduct." (*Id*. at 47.) Finally, May has been involved with a gang called the "Bloods" for six years. (App. Vol. III at 11.)

[13] On appeal, May argues that while he does possess a lengthy criminal history, he is remorseful for his past offenses, accepts responsibility for those offenses, and recognizes his need for help in order to turn his life around. However, May's gang involvement, abuse of illegal substances, and failure to be rehabilitated by numerous past legal consequences demonstrate his disregard for the law and the appropriateness of more severe punishment. Thus, May has not demonstrated his sentence is inappropriate based on his character and offenses. *See Gracia v.*

*State*, 976 N.E.2d 85, 91 (Ind. Ct. App. 2012) (eight-year sentence not inappropriate when defendant punched and kicked his arresting officers and had an extensive criminal history), *trans. denied*.

# Conclusion

[14]     May has failed to demonstrate his sentence is inappropriate considering the nature of his offenses and his character.  Accordingly, we affirm.

[15]     Affirmed.


Brown, J., and Pyle, J., concur.